McGREGOR W. SCOTT
United States Attorney
R. STEVEN LAPHAM
Assistant U.S. Attorney
PETER WILLIAMS
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2724

**FILED**

DEC 18 2008

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2 08 - CR - 577 FCD |
| Plaintiff, | CR. NO. |
| v. | VIOLATIONS: 18 U.S.C. § 1349 - Conspiracy To Commit Mail Fraud; 18 U.S.C. § 1341 - Mail Fraud (20 Counts) |
| SALAM S. KALASHO, ANIL MALHI, and PISCES INTERNATIONAL, INC., | |
| Defendants. | |

INDICTMENT

COUNT ONE: [18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud]

The Grand Jury charges:

SALAM S. KALASHO,
ANIL MALHI, and
PISCES INTERNATIONAL, INC.,

the defendants herein, as follows:

A. INTRODUCTION

At all times relevant to this Indictment:

1. The defendant, PISCES INTERNATIONAL, INC., (hereinafter PISCES) was a company licensed to do business in the State of California with its principal place of business in El Cajon,

1

California. From in or about June 2004 through to the date of this indictment, PISCES held a tobacco distributors license from the State of California and engaged in the business of distributing "Other Tobacco Products" (OTP) which it would purchase from out of state manufacturers. "Other Tobacco Products" consist of tobacco products other than cigarettes such as cigars, chewing tobacco and leaf tobacco.

2. The defendant, SALAM S. KALASHO (KALASHO), was the owner, president, and primary shareholder of defendant PISCES INTERNATIONAL, INC. and was in charge of the day to day operations of PISCES.

3. The defendant, ANIL MALHI (MALHI), was the de facto owner and in charge of the day to day operations of LA Price King, a company licensed to do business in the State of California with its principal place of business in Los Angeles, California. From in or about June 2004 through in or about August, 2008, when it ceased operations, LA Price King held both a tobacco wholesalers license and a tobacco distributors license from the State of California.

4. Beginning on a date unknown to the Grand Jury, but no later than in or about August 2005, and continuing to a date not known to the Grand Jury, but no earlier than in or about July of 2006, MALHI dba LA Price King, purchased OTP from defendants KALASHO and PISCES on a weekly basis.

5. In California, licensed tobacco distributors are required to collect excise tax on OTP when they distribute that product within the State. A licensed distributor is not required to pay excise tax to California on product that is exported to another state. Licensed distributors must then submit to the California State Board of Equalization (BOE) in Sacramento, California, monthly reports

1  reflecting the amount of untaxed OTP purchased in the previous month
2  and the amount of excise tax owing, together with payment in that
3  amount.

4      6.   Licensed tobacco wholesalers may not legally possess untaxed
5  tobacco products. Licensed tobacco distributors may legally possess
6  untaxed tobacco products only if purchased directly from the
7  manufacturer.

8      7.   Both tobacco distributors and tobacco wholesalers are
9  required by California law to maintain accurate records reflecting
10 their purchase and sale of tobacco products.

11                        B.   **SCHEME TO DEFRAUD**

12     8.   From a date unknown to the Grand Jury, but not later than
13 July, 2004, and continuing to the date of this indictment, the
14 defendants PISCES and KALASHO devised a scheme to defraud the State
15 of California of excise tax revenue from the sale of OTP as set forth
16 in more detail below. The defendants PISCES and KALASHO evaded
17 payment of excise tax by falsely reporting to the Board of
18 Equalization that the overwhelming majority of their OTP was sold to
19 customers outside the State of California and by failing to
20 accurately disclose sales to customers within the State.

21     9.   From a date unknown to the Grand Jury, but not later than in
22 or about August, 2005, and continuing to in or about July, 2006, in
23 the State and Eastern District of California and elsewhere, the
24 defendants PISCES, KALASHO and MALHI, did knowingly and willfully
25 agree, combine, and conspire with each other and with others unknown
26 to the Grand Jury to execute through the use of the mails a scheme
27 and artifice to defraud the State of California by means of material
28 false and fraudulent pretenses and representations in connection with

1 their purchase and sale of OTP, in violation of Title 18, United
2 States Code, Section 1349.

3     10. The purpose of the conspiracy was to conceal from the State
4 of California taxable sales of OTP in California, thereby allowing
5 sales of tax-free OTP which, in turn, increased both the volume of
6 OTP sales for the defendants and the profit margin obtained
7 therefrom.

8     11. During the course of the conspiracy, defendants KALASHO,
9 PISCES, and MALHI deprived the State of California of over $6.5
10 million in excise tax.

### C. MANNER AND MEANS

12     12. It was part of the conspiracy that the defendants KALASHO
13 and PISCES would purchase untaxed OTP from out-of-state
14 manufacturers.

15     13. It was a further part of the conspiracy that defendants
16 KALASHO and PISCES would then sell this OTP primarily to California
17 customers, including defendant MALHI dba LA Price King. Defendants
18 KALASHO and PISCES would sell the majority of this OTP to these
19 California customers at an untaxed price but, on occasion, would sell
20 it at a fully taxed price so as to generate a legitimate invoice that
21 could serve as "proof" for the customer that the product in its
22 inventory was taxed.

23     14. It was further part of the conspiracy that defendant MALHI
24 dba LA Price King would purchase on a weekly basis large amounts of
25 OTP from defendants KALASHO and PISCES, the majority of which was at
26 an untaxed price.

27     15. It was a further part of the conspiracy that defendants
28 KALASHO and PISCES kept a double set of books consisting of computer

1  generated invoices that accurately reflected a portion of OTP sold to
2  particular customers and for which prices appeared to include the
3  excise tax, and a second set of handwritten invoices that
4  demonstrated a larger amount of OTP product sold to the same
5  customers upon which excise tax was not paid.
6      16.  It was a further part of the conspiracy that defendant
7  MALHI dba LA Price King, when ordering product from defendants
8  KALASHO and PISCES, would typically indicate how much was to be "on
9  invoice" (i.e., tax paid) and how much would be "off-invoice" (i.e.,
10 tax not paid).
11     17.  It was further part of the conspiracy that while defendant
12 MALHI would keep and maintain invoices and checks for purchases of
13 the fully taxed OTP, and said purchases were also entered into LA
14 Price King's computer system, no records were kept by defendant MALHI
15 of the off-invoice purchases.  This was done so that if BOE ever
16 conducted an on-site inspection of the LA Price King premises,
17 defendant MALHI would be able to show BOE the invoices of the fully
18 taxed product, but would be able to conceal the off-invoice OTP
19 purchases.  Additionally, the fully taxed OTP was kept in full view
20 on the ground floor of LA Price King, while the off-invoice OTP was
21 kept out of sight of potential BOE inspectors.
22     18.  It was a further part of the conspiracy that defendant
23 KALASHO used Arizona businesses to give the appearance that most of
24 defendant PISCES' OTP was being sold to Arizona.  Defendant KALASHO
25 would create false and fictitious invoices and bills of lading to
26 make it appear that defendant PISCES was selling and shipping product
27 to these Arizona businesses.
28 ////

19. It was a further part of the conspiracy that defendant KALASHO, either personally or through employees of defendant PISCES, would periodically deposit substantial sums of money into the bank accounts of these Arizona businesses. Defendant KALASHO would then cause checks to be issued from the bank accounts of these Arizona businesses to defendant PISCES' bank account to make it appear that the Arizona businesses were paying for the OTP reflected by the false and fictitious invoices.

20. It was also part of the conspiracy that defendant KALASHO caused defendant PISCES to maintain a fraudulent system of invoicing for the OTP that defendant PISCES bought and sold. One set of computer-generated invoices falsely showed that the majority of the OTP sold by defendant PISCES was being sold to certain out of state customers, while corresponding handwritten invoices accurately reflected that most of the OTP was actually sold to California business entities.

21. It was a further part of the conspiracy that defendants KALASHO and PISCES would periodically submit by mail to the California Board of Equalization Forms 501-CT that were materially false and fraudulent in that they substantially underreported the true amount of in-state OTP sales and the corresponding amount of excise taxed owed by PISCES.

### D. OVERT ACTS

22. On or about the dates listed below, for the purpose of executing the aforementioned scheme to defraud the State of California of tax revenue, the defendants KALASHO and PISCES, as more specifically set forth below, (1) knowingly placed in an authorized depository for mail matter items to be delivered by the United States

6

Postal Service to the California Board of Equalization, Sacramento, California, and (2) knowingly deposited and caused to be deposited matter to be sent by private and commercial carrier to the California Board of Equalization, Sacramento, California, each of which was an overt act in furtherance of the conspiracy:

| OVERT ACT | DATE OF MAILING | MAIL MATTER |
|---|---|---|
| 1 | 09/24/05 | BOE Form 501-CT for month of Aug. 2005 |
| 2 | 10/25/05 | BOE Form 501-CT for month of Sept. 2005 |
| 3 | 11/24/05 | BOE Form 501-CT for month of Oct. 2005 |
| 4 | 02/09/06 | BOE Form 501-CT for month of Nov. 2005 |
| 5 | 01/23/06 | BOE Form 501-CT for month of Dec. 2005 |
| 6 | 02/22/06 | BOE Form 501-CT for month of Jan. 2006 |
| 7 | 05/01/06 | BOE Form 501-CT for month of Feb. 2006 |
| 8 | 07/21/06 | BOE Form 501-CT for month of April 2006 |
| 9 | 06/20/06 | BOE Form 501-CT for month of May 2006 |

all in violation of Title 18, United States Code, Section 1349.

COUNTS TWO through TWENTY-ONE:   [18 U.S.C. § 1341 - Mail Fraud]

The Grand Jury further charges:

SALAM S. KALASHO, and
PISCES INTERNATIONAL, INC.

the defendants herein, as follows:

1. The Grand Jury realleges and incorporates by reference the allegations set forth in paragraphs 1 through 8 and 10 through 21 of Count One.

2. On or about the dates listed below, for the purpose of executing the aforementioned scheme to defraud the State of California of tax revenue, the defendants KALASHO and PISCES, as more

7

specifically set forth below, (1) knowingly placed in an authorized depository for mail matter items to be delivered by the United States Postal Service to the California Board of Equalization, Sacramento, California, and (2) knowingly deposited and caused to be deposited matter to be sent by private and commercial carrier to the California Board of Equalization, Sacramento, California,

| COUNT | DATE OF MAILING | MAIL MATTER |
|---|---|---|
| 2  | 10/20/04 | BOE Form 501-CT for month of Sept. 2004 |
| 3  | 03/09/05 | BOE Form 501-CT for month of Oct. 2004 |
| 4  | 03/09/05 | BOE Form 501-CT for month of Nov. 2004 |
| 5  | 03/09/05 | BOE Form 501-CT for month of Dec. 2004 |
| 6  | 03/22/04 | BOE Form 501-CT for month of Jan. 2005 |
| 7  | 06/20/05 | BOE Form 501-CT for month of Feb. 2005 |
| 8  | 06/20/05 | BOE Form 501-CT for month of Mar. 2005 |
| 9  | 06/20/05 | BOE Form 501-CT for month of April 2005 |
| 10 | 07/05/05 | BOE Form 501-CT for month of May 2005 |
| 11 | 07/09/05 | BOE Form 501-CT for month of June 2005 |
| 12 | 08/22/05 | BOE Form 501-CT for month of July 2005 |
| 13 | 09/24/05 | BOE Form 501-CT for month of Aug. 2005 |
| 14 | 10/25/05 | BOE Form 501-CT for month of Sept. 2005 |
| 15 | 11/24/05 | BOE Form 501-CT for month of Oct. 2005 |
| 16 | 02/09/06 | BOE Form 501-CT for month of Nov. 2005 |
| 17 | 01/23/06 | BOE Form 501-CT for month of Dec. 2005 |
| 18 | 02/22/06 | BOE Form 501-CT for month of Jan. 2006 |
| 19 | 05/01/06 | BOE Form 501-CT for month of Feb. 2006 |

////
////

| COUNT | DATE OF MAILING | MAIL MATTER |
|---|---|---|
| 20 | 07/21/06 | BOE Form 501-CT for month of April 2006 |
| 21 | 06/20/06 | BOE Form 501-CT for month of May 2006 |

all in violation of Title 18, United States Code, Section 1341.

A TRUE BILL.

/s/ Signature on file w/AUSA
_____
FOREPERSON

_____
McGREGOR W. SCOTT
United States Attorney

9

# UNITED STATES DISTRICT COURT

Eastern District of California

Criminal Division

THE UNITED STATES OF AMERICA
vs.

SALAM S. KALASHO,
ANIL MALHI, and
PISCES INTERNATIONAL, INC.

## INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud; 18 U.S.C. § 1341 - Mail Fraud (20 Counts)

*A true bill,*

_____/S/_____
Foreman.

Filed in open court this ___18___ day

of __DECEMBER__, A.D. 20 _08_

_____
Clerk.

Bail, $ _____

**NO BAIL WARRANT** as to defendants Kalasho and Malhi

GPO 863 525

**NO PROCESS NECESSARY** as to defendant Pisces International

2 08-CR- 577 FCD

## PENALTY SLIP

**SALAM S. KALASHO:** Counts 1 - 21

**ANIL MALHI:** Count 1

**PISCES INTERNATIONAL, INC.:** Counts 1 - 21

| COUNT 1 | 18 U.S.C. 1349 - Conspiracy to Commit Mail Fraud | PENALTY: | NMT: 20 Years Imprisonment, $250,000 Fine or both; 3 Years TSR |
|---|---|---|---|
| COUNTS 2 - 21 | 18 U.S.C. 1341 - Mail Fraud | PENALTY: | NMT: 20 Years Imprisonment, $250,000 Fine or both; 3 Years TSR |
| **SPECIAL ASSESSMENT:** | $100.00 for each count | | |